```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| **Allison DeVante,** | ) |
| | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **vs.** | )    No. 11-2176 |
| | ) |
| **Paul Woods, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |
| | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's February 6, 2014 Report and Recommendation (the "Report"). (ECF No. 69.) The Report recommends that the Court deny Plaintiff Allison DeVante's ("DeVante") September 17, 2013 Motion for Summary Judgment (the "Motion"). (ECF No. 68.) DeVante objected on February 19, 2014. (ECF No. 70.) For the following reasons, the Report is ADOPTED, and the Motion is DENIED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district

judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

To succeed on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A movant must cite to "particular parts of materials in the record" to support her factual allegations. Id. at R. 56(c)(1)(A). Local Rule 56.1(a) requires the moving party to file with the motion "a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." W.D. Tenn. L.R. 56.1(a).

DeVante's objection is a challenge to the Magistrate Judge's authority. It is not well taken. See 28 U.S.C. § 636(b)(1)(B) (establishing a magistrate judge's authority to

2

submit reports and recommendations).  Because DeVante has not objected to the substance of the Report, <u>Arn</u> counsels the Court to adopt it in its entirety.  <u>Arn</u>, 474 U.S. at 151.  Had DeVante filed a substantive objection, her Motion would have been denied because she has failed to comply with Local Rule 56.1(a), and she has not cited any facts in the record that would establish the absence of a genuine dispute for trial.

Defendants have not responded with a cross-motion for summary judgment, and the time do so has passed.  A jury trial is set on May 19, 2014, at 9:30 a.m.  (Am. Sched. Order, ECF No. 66.)

The Report is ADOPTED, and DeVante's Motion for Summary Judgment is DENIED.

So ordered this <u>20th</u> day of February, 2014.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE
