IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


ALLISON DEVANTE,

    Plaintiff,

vs.                                                 No. 2:11-cv-2176-SHM-cgc

PAUL WOODS, ET AL,

    Defendants


## REPORT AND RECOMENDATION

Before the Court, by way of Order of Reference (D.E. # 56) is the March 7, 2014 "Motion for Judgment on the Pleadings" (D.E. # 72) filed by Plaintiff. Based on the Motion and the record in this case, it is RECOMMENDED that the Motion be DENIED.

It is recommended that the motion be denied for procedural and substantive failings. At the last status/scheduling conference held in this case, the Court established January 13, 2014 as the deadline for filing dispositive motions. Plaintiff filed the instant motion more than two months after the deadline. Further, Plaintiff did not seek leave of Court pursuant to either Fed. R. Civ. P. 6(b) or 16(b)(4).

Any party may move for the entry of a judgment after the pleadings are closed. Fed. R. Civ. P. 12(c). If and when the moving party is entitled to a judgment as a matter of law, the court is authorized to grant a motion for judgment on the pleadings. *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir.2010) "For purposes of a motion for judgment on

1

the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008) On a motion for judgment on the pleadings, this Court is not permitted to consider "matters outside of the pleadings." Rule 12(d) provides that, if "matters outside the pleadings are presented to and not excluded by the court," then the motion must be treated as one for summary judgment, and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Travelers Property Cas. Co. of America v. Breeding Heavy Haulers, Inc.*, 2012 WL 1029459, *1 (E.D. Ky. March 26, 2012).

It is recommended that Plaintiff's motion fails substantively as she cannot show that Plaintiff is entitled to judgment as a matter of law after taking the well plead material allegations of Defendants' answer as true,. Further, were the Court to take into consideration the matters outside the pleading that Plaintiff filed with her Motion, it would convert the motion for judgment on the pleadings into substantially the same motion for summary judgment that the Court denied for the failure to establish the absence of a genuine dispute for trial in its February 20, 2014 Order. (D.E. # 71)

Therefore, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings be DENIED for failure to establish that there is no genuine dispute as to any material fact.

Signed this 8th day of April, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**