# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| Allison DeVante, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 11-2176 |
| | ) |
| Paul Woods, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's April 8, 2014 Report and Recommendation (the "Report") recommending denial of Plaintiff Allison DeVante's ("DeVante") Motion for Judgment on the Pleadings (the "Motion"). (Rep., ECF No. 73; Mot., ECF No. 72.) On April 22, 2014, DeVante objected. (Obj., ECF No. 74.) For the following reasons, the Report is ADOPTED. The Motion is DENIED.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district

judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id. at 151.

The standard of review governing a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009) (internal citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).

To survive a plaintiff's Rule 12(c) motion, a defendant's pleadings must contain sufficient facts "to 'state a [defense] that is plausible on its face'". See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Bare allegations without a factual

2

context do not create defenses that are plausible. Ctr. For BioEthical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that [the defendant] has acted []lawfully." Id. (citing Twombly, 550 U.S. at 556).

The Magistrate Judge concludes that the Motion "fails substantively as [DeVante] cannot show that [she] is entitled to judgment as a matter of law after taking the well pled material allegations of Defendants' answer as true." (Rep. at 2.) DeVante objects, arguing that she is "entitled to judgment in her favor due to defendants' admission to the allegations by their answer." (Obj. at 1.) The Court has reviewed the pleadings and concludes that the Defendants plausibly denied any well pled allegation in the Complaint and DeVante is not "clearly entitled to judgment." JPMorgan, 510 F.3d at 581.

For the foregoing reasons, the Report is ADOPTED. The Motion is DENIED.

So ordered this 30th day of April, 2014.

                                         s/ Samuel H. Mays, Jr.
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE